FILED
SUPERIOR COURT
OF GUAM

2018 FEB -2 AM 11: 21

CLERK OF COURT

BY

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSEPH ARRIOLA PABLO, | CIVIL CASE NO. CV0432-15 |
| Plaintiff, | |
| vs. | DECISION AND ORDER |
| RAYMOND A. SAN NICOLAS, in his capacity as Co-Administrator of the ESTATE OF PEDRO DIMAPAN GOGUE and JUANA TAIMANGLO GOGUE, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on Plaintiff Joseph Arriola Pablo's Motion for Summary Judgment. Plaintiff Joseph Arriola Pablo is represented by Attorney Michael J. Berman. Defendant Co-Administrator Raymond A. San Nicolas is represented by Attorney Jacqueline Taitano Terlaje. Having reviewed the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order DENYING the Plaintiff's Motion for Summary Judgment.

## BACKGROUND

This matter arises out of Plaintiff's Complaint filed on May 13, 2015. On November 16, 2015, Defendant filed an Answer and Counterclaim. On January 23, 2017, Defendant filed a Motion for Summary Judgment. On February 20, 2017, Plaintiff filed an Opposition. On March 7, 2017, Defendant filed a reply.

On June 28, 2017, the Court issued a Decision and Order granting in part the Defendant's Motion for Summary Judgment. The Court granted summary judgment as to quiet title of Lot No. 3252-R2, a separate lot from the lot currently at issue. Additionally, the Court denied Defendant's Motion for Summary Judgment as to the abuse of process. Finally, and of importance in the present decision, Defendant's summary judgment was conditionally granted with respect to the authenticity of the signature in the deed of gift to Jay Gogue because Plaintiff did not provide any probative evidence to refute Defendant's claim. The Court provided Plaintiff ten days to produce the legal documents and instruments that prove the signature in the deed is that of Amalia Arceo, as referenced in its motion. On July 7, 2017, Plaintiff filed documents supporting the validity of the signature. On July 13, 2017, the Court issued a Decision and Order denying Defendant's Motion for Summary Judgment as to the authenticity of the signature in the deed of gift, holding there was a genuine issue of material fact as to the authenticity of the signature. On October 3, 2017, Plaintiff filed the present Motion for Summary Judgment. Defendant filed an Opposition in response on October 31, 2017. Plaintiff filed a Reply on November 14, 2017.

## ISSUE

Whether there are genuine issues of material facts regarding the validity of the signature on the deed of Lot 3252-R1 to Plaintiff.

## FACTS

1. This matter arises out of Plaintiff's May 13, 2015, Complaint to Quiet Title pursuant to 21 GCA § 25111.

2. Plaintiff's complaint asserts:

   a. He acquired an approximate 11,795 square feet undivided interest in a portion of Basic Lot 3252-R1, in Ordot and Chalan Pogo, from an heir to Pedro Gogue and Juana Taimanglo Gogue.

   b. He is the specific successor in interest to the described property.

   c. The property was conveyed to Plaintiff through two quitclaim deeds, Nos. 674934 and 674769.

d. Plaintiff and his predecessors in interest have been in actual possession of the property for more than 20 years and more than 5 years prior to the commencement of this action.

3. Prior to this Complaint, Plaintiff filed a similar quiet title claim on April 7, 2009 in Superior Court of Guam Case No. CV0548-09. While involving additional defendants, CV0548-09 included Defendant San Nicolas and requested relief for Lot No. 3252-R2.

4. In CV0548-09, the Court dismissed the matter with prejudice as to Defendant Amalia Gogue Arceo, <u>Pablo v. Arceo, et. al.,</u> CV0548-09, Dec. & Order at 2, 9 (Aug.18, 2014). However, the Court specifically found that the claim against Defendant San Nicolas survived its dismissal with prejudice. <u>Id.</u>

5. Defendant requested that the Court in CV0548-09 reconsider its finding of claim survival and also dismiss the matter with prejudice as to Defendant. On January 27, 2015, the court denied Defendant's request. <u>Pablo v. Arceo, et. al.,</u> CV0548-09, , Dec. & Order at 2, 9 (Jan. 27, 2015).

6. On March 20, 2015, the Parties in CV0548-09 stipulated to the entry of Judgment.

## PRINCIPLES OF LAW

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). <u>Izuka Corp. v. Kawasho International, (Guam), Inc.,</u> 1997 Guam 10 ¶ 7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (citations omitted).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in a light most favorable to the non-moving party. <u>Bank of</u>

Guam v. Flores, 2004 Guam 25. If, however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading but must produce at least some significant probative evidence to support the pleading. Edwards v. Pacific Financial Corporation, 2000 Guam 27 ¶ 7. Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." Edwards, 2000 Guam 27 ¶ 7.

Of significant note here is the burden of the moving party. The Guam Supreme Court has explained that a defending moving party may satisfy its moving burden "by showing there is an absence of evidence" to support a claim. Guam Sanko Transportation, Inc. v. Pacific Modair Corporation, 2012 Guam 2 ¶ 7 (citations omitted). It may also satisfy its burden by "producing evidence negating an essential element" of a claim. Id.

Although Subpart 56(b) of the Guam Rules of Civil Procedure allows that "[a] party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment," this does not relieve the movant from separately identifying the disputed and undisputed facts and essential elements of the cause of action for which summary dismissal is sought and applying and analyzing them under the appropriate standard. Guam R. Civ. P. 56(b); Guam Sanko Transportation, Inc. v. Pacific Modair Corporation, 2012 Guam 2 ¶¶ 7-8; see, Lamb v. Hoffman, 2008 Guam 2 ¶¶ 34-36 (In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law); Guam R. Civ. P. 7 (An application to the court for an order shall . . . shall state with particularity the grounds therefor . . .).

## ANALYSIS

The issue of whether the Deed of Gift is valid was previously considered by this Court on Defendant's Motion for Summary Judgment. Dec. & Order (June 28, 2017). Defendant argued that the signature appearing on the Deed did not belong to Amalia Arceo, and that there was no genuine issue of material fact regarding this assertion. Def's Mot. for Summary Judgment, Jan. 23, 2017. Defendant pointed to inconsistencies in the notary process as evidence of fraud. Id. at 6. After allowing the Plaintiff additional time to produce evidence in his favor

and subsequently being provided with this evidence, the Court issued a second decision in which it ruled that although there were inconsistencies in the notary process, Defendant was not able to demonstrate the impossibility of the notary making a mistake or failing to follow procedure. Dec. & Order at 6 (July 13, 2017). For this reason, the Court found that there was a factual dispute regarding the validity of the signature and therefore denied Defendant's Motion for Summary Judgment. Plaintiff now moves for summary judgment, claiming that the signature *is* in fact the valid signature of Arceo and that there is no genuine issue of material fact regarding the authenticity of the signature. Plaintiff's Mot. for Summary Judgment, Oct. 3, 2017.

Plaintiff argues that the questions surrounding the notarization of the Deed, which were the basis for the Court finding a factual dispute in Defendant's Motion for Summary Judgment, are irrelevant, as the Deed did not need to be witnessed or notarized in the first place. Id. at 4. Plaintiff claims that there is no relevance in the issue of whether the signature in the notary book of Danny Reyes is valid, so long as the deed contains a valid signature by Amalia Arceo. Id. Plaintiff contends that the signature of Amalia Arceo on the Deed of Gift dated April 26, 2003 is identical to the signatures of Amalia Arceo on the durable power of attorney executed on January 7, 2002 and the Proposal dated January 29, 2002. Id. Plaintiff argues that it is evident that all of these documents were signed by the same person, and the Deed of Gift is therefore valid. Id.

The Court did not deny the Defendant's Motion for Summary Judgment on the basis that there were questions of fact regarding the notarization process. The Court denied the Motion because the questions regarding the notarization process raised genuine issues of material fact as to the validity of the signature on the actual deed. In its July 13, 2017 Decision, the Court held that "there are genuine issues of material fact as to the *validity of the signature on the April 26 deed.*" Decision and Order, July 13, 2017 at 6 (emphasis added).

Defendant has produced evidence demonstrating that Amalia Arceo denied executing any conveyance transferring property. Defendant has also produced evidence demonstrating that there were inconsistencies in the notarial documents and government identification records which cast doubt upon the validity of the signature. Plaintiff has responded by presenting evidence in support of his contention that the signature is the valid signature of Amalia Arceo.

Because there is conflicting evidence regarding the validity of the signature, the Court finds that there is a genuine issue of material fact. Thus, summary judgment is not appropriate at this time.

## CONCLUSION AND ORDER

Based on the forgoing, Defendant's summary judgment is DENIED as to the authenticity of the signature in the April 26 deed of gift to Jay Gogue.

SO ORDERED, this ____2____ day of ____FEB._____ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Berman
JT Terlaje
Date 2/2/18 Time 11:30AM
Jeannie R.C. James
Deputy Clerk, Superior Court of Guam